# UNITED STATES DISTRICT COURT

for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) |
| The 26 Devices Currently in the Custody of HSI Syracuse Evidence Storage Room Located at 100 Northern Concourse, Syracuse, New York 13212, Further Described in Attachment A. | ) |

Case No.  5:25-SW-177 (MJK)

USAO No. 2025R00560

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The 26 Devices Currently in the Custody of HSI Syracuse Evidence Storage Room Located at 100 Northern Concourse, Syracuse, New York 13212, Further Described in Attachment A.

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C., §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B). | Sexual Exploitation of a Child and Receipt and Possession of Child Pornography. |

The application is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

LINDSEY R VALENTINO
Digitally signed by LINDSEY R VALENTINO
Date: 2025.08.22 13:21:22 -04'00'

*Applicant's signature*

Lindsey Valentino, HSI Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by video conference *(specify reliable electronic means)*.

Date:  August 22, 2025

*Judge's signature*

City and state:  Syracuse, New York

Hon. Mitchell J. Katz, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, Lindsey Valentino, being duly sworn, hereby state as follows:

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the following devices (the "devices") and forensic extractions of electronically stored information data from the devices:

a.  Black LG Cellphone labeled "01"

b.  Black ALCATEL onetouch Cellphone labeled "02"

c.  Black LG Cellphone labeled "03"

d.  Blue AT&T Cellphone labeled "04"

e.  Blue Samsung Cellphone labeled "05"

f.  Black ALCATEL onetouch Cellphone labeled "06"

g.  Black ZTE Cellphone with blue pop socket labeled "07"

h.  Black ZTE Cellphone Model: Z750C labeled "08"

i.  Black ZTE Cell phone Model:Li3815T43P3h615142-I labeled "09"

j.  Blue Samsung Cellphone labeled "10 Sam tiny"

k.  Black iPhone with silver plate on back Model: A1661 labeled "11"

l.  Black iPhone cellphone Model: A1661 labeled "12"

m.  Black and silver iPhone Model: A1549 labeled "13"

n.  Black and silver iPhone S Model: A1633 labeled "14"

o.  Black and silver iPod labeled "15"

p.  Black ZTE QLink Wireless Cellphone labeled "16"

q.  Blue and Gray Samsung Galaxy SIII labeled "17"

1

r.   Black ALCATEL onetouch cellphone labeled "18"

s.   Black LG Flip phone cellphone labeled "19"

t.   Black LG flip phone cell phone labeled "20" IMEI: 014162-00-639075-3

u.   Black Motorola Flip Phone Cell Phone labeled "21"

v.   Black LG flip phone cell phone labeled "22" IMEI: 014598-00-028985-7

w.   White KOCASO Tablet Model: M870 labeled "23"

x.   Black Alcatel Joy Tab labeled "24" IMEI: 015774000219488

y.   Black amazon Tablet Labeled "25"

z.   Black Lenovo Think Pad Laptop labeled "26"

2.    Within the devices to be searched, I seek to seize evidence, fruits, and instrumentalities relating to violations of Title 18, United States Code, Sections 2251(a) (sexual exploitation of a child), 2252A(a)(2)(A) (receipt or distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography).

3.    Your affiant is a Special Agent employed by Homeland Security Investigations (HSI) since September 2019. Your affiant successfully completed the Criminal Investigatory Training Program and the Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. While at training, your affiant received training in child exploitation investigations. Your affiant received specialized undercover chat training by the Internet Crimes Against Children (ICAC) Task Force in March of 2023. Prior to working as a Special Agent, your affiant was a United States Border Patrol Intelligence Agent (BPAI) and a Task Force Officer (TFO) with HSI's Border Enforcement Security Task Force (BEST) in Massena, New York. Your affiant has investigated and assisted in the prosecution of child exploitation related crimes, and your affiant has executed several

search warrants for various state and federal felony crimes. Prior to working as an intelligence agent and a TFO, your affiant was a United States Border Patrol Agent in Massena, New York and San Diego, California. Your affiant received their Bachelor of Science Degree in Criminal Justice from Medaille College in Buffalo, New York. Your affiant has investigated similar criminal violations on several prior occasions.

4.     My duties include the enforcement of federal criminal statutes involving the exploitation of children as codified in Title 18, United States Code, Sections 2251-2259. I have received training in the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms of media, including video and computer media.

5.     This affidavit is based upon my personal knowledge, experience, and training, as well as other information developed during this investigation. This affidavit is also based upon the personal knowledge of other HSI Special Agents and New York State Police officers that was shared with your affiant. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

6.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 2251(a), (sexual exploitation of a child), 2252A(a)(2)(A) (receipt or distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography), have been committed by Devin LAVALLEY and that evidence of these crimes and contraband or fruits of these crimes as described in Attachment B, exist within the devices, as described in Attachment A.

7.     On July 17, 2025, the devices were given to NYSP in Richfield Springs by Cynthia Mitteager, the ex-girlfriend of LAVALLEY and the individual who initially reported

3

LAVALLEY's abuse of children. According to Mitteager, the devices belonged to LAVALLEY. The devices were placed in the NYSP Richfield Springs evidence storage room. On August 19, 2025, an investigator from NYSP Computer Crimes Unit (CCU) provided the devices to HSI Syracuse Special Agents after LAVALLEY had been charged federally with several crimes related to his sexual exploitation and receipt and distribution of child pornography as discussed further below. Since that time, the devices have remained within the HSI Syracuse evidence storage room located at 100 Northern Concourse, Syracuse, New York 13212.

**TECHNICAL BACKGROUND AND INFORMATION**

8.     I have training and experience in the investigation of computer-related child pornography crimes. Based on my training, experience, and knowledge, I know the following:

    a.   Computers and digital technology, including smartphones, are the primary way in which individuals interested in child pornography interact with each other. Specifically, smartphones serve at least the following functions in connection with child pornography, they can: receive child pornography, communicate with like-minded individuals and minors to trade and discuss child pornography, distribute child pornography using various software, and store child pornography either locally or access files via cloud storage.

    b.   The smartphone's ability to store images in digital form makes it an ideal repository for child pornography. It is extremely easy for an individual to take a photo or a video with a camera-bearing smartphone, and have it saved onto the device. Thereafter, the user can upload that photo or video to a cloud storage that is linked to a computer or can upload it to various social media platforms. The user could also send that image or video to other people using SMS or MMS or

through one of hundreds of messaging apps you can download onto a phone.

c.  The internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion. Smartphones have access to the internet either via a Wi-Fi connection or through data connection provided by the carrier.

d.  Individuals use online resources to retrieve and store child pornography. Some online services allow a user to set up an account with remote computing service that may provide email services and/or electronic storage of computer files in a variety of formats. A user can set up an online storage account (sometimes referred to as "cloud" storage) from any smartphone with access to the internet. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's smartphone in most cases.

e.  Smartphones and other mobile computing devices use mobile applications, also referred to as "apps." Apps consist of software downloaded onto mobile devices that enable users to perform a variety of tasks such as engaging in online chats, sharing digital files, reading a book, or playing a game on a mobile device. Individuals commonly use such apps to receive, store, distribute, and advertise child pornography. Individuals will also use apps to interact directly with other like-minded offenders or with potential minor victims, and to access cloud storage services where child pornography may be stored.

f.  Communications by way of smartphone can be saved or stored on the smartphone used for these purposes; storing this information can be intentional or unintentional. Digital information, such as the traces of the path of an electronic

5

communication, may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a smartphone user's internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

## **PROBABLE CAUSE**

9.      On June 30, 2025, New York State Police (NYSP) barracks in Oneonta, New York received information from a concerned citizen regarding child sexual abuse material (CSAM) on the cellular device belonging to Devin G. LAVALLEY. The concerned citizen described multiple videos that involved sexual exploitation of children LAVALLEY had shown her on LAVALLEY's cellular telephone.   Given this information and law enforcement database research, NYSP Investigators, with the assistance of the NYSP Computer Crimes Unit (CCU), obtained and executed a search warrant at LAVALLEY's residence in Burlington, New York on July 2, 2025.

10.     During the execution of the search warrant, NYSP Investigators found a black iPhone 7 in the residence.  Pursuant to the above-mentioned warrant, NYSP CCU performed a forensic extraction of the black iPhone 7, and NYSP Investigators conducted a post-*Miranda* interview with LAVALLEY after he was read and waived his *Miranda* Rights.

11.     During an initial review of LAVALLEY's iPhone 7, investigators found several images and videos of child pornography, including:

   a.   Video identified as "IBJM2848" is approximately 35 seconds long and depicts a
        female infant child (V2), approximately one to two years old, laying on her back
        naked from the waist down and on what appears to be a bed. LAVALLEY's face is

shown between the female child's legs while LAVALLEY licks the child's vagina and penetrates the child vagina with his tongue. LAVALLEY's left hand can be seen in the video frame for most of the video and his right hand can be seen in the final five seconds of the video holding the child's left hand. Given the angle and movement of the camera as the video concludes, it is clear that a person other than LAVALLEY is filming the video.

12.    During LAVALLEY's interview, LAVALLEY generally admitted to engaging in the sexual exploitation of two separate children and to receiving and distributing child pornography to others via the Internet. LAVALLEY was thereafter criminally charged state-side for this conduct.

13.    Subsequent to LAVLLEY's state-side criminal charge, on July 17, 2025, Mitteager brought several electronic devices to the New York State Police in Oneonta, New York, and gave a deposition that day regarding how the devices had been discovered. According to her deposition, attached hereto as **Exhibit A**, Mitteager went to LAVALLEY's residence on July 3, 2025, the day after his state-side arrest, to retrieve some of her personal belongings and to feed his cats.  While she was looking through LAVALLEY's truck, she noticed several electronic devices behind the passenger seat in his truck.  According to Mitteager she found 18 cell phones, 1 laptop, and 4 tablets.  On July 4, 2025, Mitteager was in the basement of her own residence, and noticed a dusty tote cover was ajar.  Upon opening the tote, she saw three cell phones that were not hers and which she believed to be LAVALLEY's.  In all Mitteager turned 26 electronic devices over to the New York State Police as they were not her devices.

14.    On July 30, 2025, Mitteager gave an additional deposition to the New York State Police regarding the electronic devices that she found in LAVALLEY's vehicle, which is

7

attached hereto as **Exhibit B**. According to the deposition, Mitteager acted on her own free will and was not instructed to search LAVALLEY's property or vehicle by any law enforcement or anyone associated with the investigation with LAVALLEY. Mitteager further stated she looked through LAVALLEY's vehicle because she remembered a previous conversation she had with LAVALLEY in which he told her that he brought electronic devices to her house so they could destroy them together.

15. On August 13, 2025, LAVALLEY was charged federally with conspiracy to sexually exploit a child, in violation of 18 U.S.C. § 2251(e), sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

## CHARACTERISTICS COMMON TO INDIVIDUALS WHO POSSESS AND/OR ACCESS CHILD PORNOGRAPHY

16. Based on my previous investigative experience related to child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who access child pornography:

    a. Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses.

    b. Such individuals may collect sexually explicit or suggestive materials on their electronic devices and smartphones for years. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal or gratification.

    c. Such individuals almost always possess and retain their CSAM, and child erotica

8

for many years.

d. Such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure, and private environment, such as a smartphone. These child pornography images are often maintained for years and may be stored in cloud-based online storage to enable the individual to view the child pornography images. Some of these individuals also have been found to download, view, and then delete child pornography on their smartphone devices on a cyclical and repetitive basis.

e. Importantly, evidence of such activity, including deleted child pornography, often can be located on these individuals' smartphones using forensic tools. The very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods of time even after the individual "deleted" it.

f. Such individuals also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, email addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

g. LAALLEY exhibits the common characteristics described above of someone who has a sexual interest in children, and it is likely that the devices have CSAM saved on them.

17.    It is common for individuals who have a sexual interest in children to possess multiple devices that have different child pornography images and videos. This is the case

because often people will use the internet to download these images, and it will be saved locally on that device. While this is common, it is also common to use programs such as Microsoft OneDrive, DropBox, or others to store some child pornography images and videos so that the user can easily move files from one device to the other. As such, if the person has access to a file sharing app or software, it is more likely that they will have child pornography on more than just a single device given the portability of images using the sharing app or software.

18.    Based on my training and experience, I know that electronic devices, like the devices subject to this search warrant that were consensually given to law enforcement by Mitteager, are often used for illegal purposes, including the possession of child pornography.

## SEARCH AND SEIZURE OF DIGITAL DATA

19.    I have spoken with law enforcement personnel trained in computer evidence recovery who have knowledge about the operation of smartphones and the correct procedures for the seizure and analysis of smartphones.

20.    These individuals have participated in the execution of numerous search warrants during which they have seized and/or examined smartphones. These individuals have also participated in several warrants that involved the search and/or seizure of, and has been responsible for analyzing, seized electronic data and records from those systems. It is reasonable to believe that some or all the records sought to be seized will be in electronic/digital format.

21.    The search through the smartphone itself is a time-consuming process requiring the physical seizure of the smartphones to be searched. Software and individual files can be "password protected." Files can be placed in hidden directories; files can be mislabeled or be labeled with names that are misleading. Similarly, files that contain innocent appearing names

10

can in fact be electronic commands to electronically cause the data to self-destruct. Also, files can be "deleted," but, unlike documents that are destroyed, the information and data from "deleted" electronic files usually remains on the storage device until it is "overwritten" by the smartphone.

22.     Therefore, based upon my knowledge, training, and experience, as well as information relayed to me by Special Agents and others involved in forensic examination of computers, I am aware that searches for and seizures of evidence from smartphones require Agents to seize the physical smartphone.

23.     Furthermore, because there is probable cause to believe that the smartphones are all instrumentalities of crimes, they should all be seized as such.

## SEARCH METHODOLOGY TO BE EMPLOYED

24.     The search procedure of electronic data contained in smartphones may include the following techniques (the following is a non-exclusive list, as other search procedures, may be used):

    a.  Examination of all of the data contained in such smartphone to view the data and determine whether that data falls within the items to be seized as set forth herein;

    b.  Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

    c.  Surveying various file directories and the individual files they contain;

11

    d.   Opening files in order to determine their content;

    e.   Scanning storage areas;

    f.   Performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment B; and

    g.   Performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B.

## **CONCLUSION**

25.    Based on the foregoing, there is probable cause to conclude that fruits, evidence, instrumentalities, and contraband, including images and videos of child pornography, and information and data related to the creation, distribution, receipt, and/or possession of child pornography, are currently contained within the devices, as further described in Attachment A, Accordingly, I respectfully request a search warrant be issued by this Court authorizing the search and seizure of the items listed in Attachment B.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

LINDSEY R VALENTINO

Digitally signed by LINDSEY R VALENTINO
Date: 2025.08.22 13:22:36 -04'00'

_____
Lindsey Valentino, Special Agent
Homeland Security Investigations

I, the Honorable Mitchell Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by video conference on August 22, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Mitchell Katz
United States Magistrate Judge

# EXHIBIT A

**NEW YORK STATE POLICE**

THE PEOPLE OF THE STATE OF NEW YORK
-- vs.

_____

Defendant(s)

| INCIDENT LOCATION: | | LOCATION OF DEPOSITION: |
|---|---|---|
| STATE OF NEW YORK LOCAL CRIMINAL **COURT** | | STATE OF NEW YORK |
| COUNTY OF OTSEGO | | COUNTY OF OTSEGO |
| TOWN of BURLINGTON | | TOWN of ONEONTA |

| Date On 07/17/2025 at | Time Started 04:21 PM | Full Name: I, CYNTHIA MITTEAGER | | |
|---|---|---|---|---|
| Date of Birth | No. and Street | | C/T/V ONEONTA | State NY |

**State The Following:**

_I am speaking to Inv. Fedor of the NYSP of my own free will in regards to an incident involving child porn that I reported to the NYSP involving Devin LaValley._

_Since reporting this incident to NYSP, I have kept going through my video surveillance. I came across one clip in which Devin goes out to his truck, moving items from the passenger seat to the back of the passenger seat, still inside the cab. This led me to remember a conversation that we had in which he told me he brought (something to the effect of devices or electronics) to my house (　　　　　　　Oneonta) to be destroyed. After that conversation, he had gone outside to his truck. He never destroyed any of these items at my house._

_On July 3, 2025, I went to Devin's residence, at 　　　　　　　Burlington to get the remainder of my belongings that were there and to feed his cats. While there I also looked through the truck (tan truck parked along the side of road) behind the passenger side seat, which was full of all sorts of junk. I found 18 phones, 1 lap top, and 4 tablet type devices which I took home with me._

_On or around July 4, 2025, I was looking around my basement because I'm paranoid that Devin installed cameras in my basement. I observed a tote with a cover that was ajar and a handprint on the dusty surface. I opened the tote and found three smart phones - one a blue AT&T, one silver iPhone S, and one black/midnight blue iPhone. These phones_

**Notice**

(Penal Law §210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this ___17___ day of ___JULY___ , 2025

_(SIGNATURE OF DEPONENT)_

- OR -

* Subscribed and Sworn to before me

this _____ day of _____

(WITNESS)

_(NAME OF PERSON TAKING DEPOSITION)_

| Time Ended |
|---|
| 07/17/2025    04:52 PM |

* This form need be sworn to only when specifically required by the court

**State The Following:**

*are not mine and I don't believe anyone else could have put them there other then Devin LaValley.*

Cω

**Notice**

(Penal Law §210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this ___17___ day of ___JULY___ , ___2025___
TH

- OR -

* Subscribed and Sworn to before me

this _____ day of _____

(SIGNATURE OF DEPONENT)

(WITNESS)

(NAME OF PERSON TAKING DEPOSITION)

| Time Ended | |
| --- | --- |
| 07/17/2025 | 04:52 PM |

* This form need to be sworn to only when specifically required by the court

# EXHIBIT B

THE PEOPLE OF THE STATE OF NEW YORK
-- vs.

_____
Defendant(s)

| **INCIDENT LOCATION:** | **LOCATION OF DEPOSITION:** |
|---|---|
| STATE OF NEW YORK  LOCAL CRIMINAL        COURT | STATE OF NEW YORK |
| COUNTY OF   OTSEGO | COUNTY OF   OTSEGO |
| TOWN     of   BURLINGTON | TOWN     of   ONEONTA |

| Date | Time Started | Full Name: | | |
|---|---|---|---|---|
| On 07/30/2025 at | 03:34 PM | I, CYNTHIA MITTEAGER | | |
| Date of Birth | No. and Street | | C/T/V ONEONTA | State NY |

**State The Following:**

*I am speaking to Inv. Fedor of my own free will in regards to Devin LaValley. Specifically, I am at SP Oneonta to add to a deposition I provided to Inv. Fedor on 7/17/25.*

*In regards to the 18 phones, 1 laptop, and 4 tablet type devices that I took from Devin LaValley's truck on 7/3/25 (located at _____ Burlington), I was acting on my own free will and not as an agent of the police. No law enforcement officer, or anyone associated with Devin LaValley's investigation, instructed me to go to Devin's residence, look through his truck, or take any phones/electronic devices. I was at his residence to get the remainder of my belongings that were there and to take care of Devin's cats. I looked through the truck because of the conversation we had in which he told me he brought devices/electronics to my house _____ Oneonta) to destroy together.* [signature initials]

**Notice**
(Penal Law §210.45)

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

Affirmed under penalty of perjury

this ___30___ day of ___JULY___ , ___2025___
          TH

- OR -

* Subscribed and Sworn to before me

this _____ day of _____

(SIGNATURE OF DEPONENT)

(WITNESS)

2574

(NAME OF PERSON TAKING DEPOSITION)

| Time Ended | |
|---|---|
| 07/30/2025 | 03:42 PM |

* This form need be sworn to only when specifically required by the court

## ATTACHMENT A

The property to be searched are described as follows and are currently the custody of HSI Syracuse evidence storage room located at 100 Northern Concourse, Syracuse, New York 13212:

1. Black LG Cellphone labeled "01," depicted below



2. Black ALCATEL onetouch Cellphone labeled "02," depicted below



18

3. Black LG Cellphone labeled "03," depicted below



4. Blue AT&T Cell Phone labeled "04," depicted below



5. Blue Samsung cell phone labeled "05," depicted below



6.  Black ALCATEL onetouch cell phone labeled "06," depicted below



7.  Black ZTE Cell phone with blue pop socket labeled "07," depicted below



8.  Black ZTE Cell phone Model: Z750C labeled "08," depicted below



9.  Black ZTE Cell phone Model: Li3815T43P3h615142-I labeled "09," depicted below



10. Blue Samsung Cell phone labeled "10 Sam tiny," depicted below



11. Black iPhone with silver plate on back model: A1661 labeled "11," depicted below



12. Black iPhone cell phone Model: A1661 labeled "12," depicted below



13. Black and Silver iPhone Model: A1549 labeled "13," depicted below



14. Black and silver iPhone S Model: A1633 labeled "14," depicted below



15. Black and silver iPod labeled "15," depicted below



16. Black ZTE QLink Wireless cell phone labeled "16," depicted below



17. Blue and Gray Samsung Galaxy SIII labeled "17," depicted below



18. Black ALCATEL onetouch cell phone labeled "18," depicted below



19. Black LG Flip phone Cell phone labeled "19," depicted below



20. Black LG flip phone cell phone IMEI: 014162-00-639075-3 labeled "20," depicted below



21. Black Motorola flip phone cell phone labeled "21," depicted below



22. Black LG flip phone cell phone, IMEI: 014598-00-028985-7, labeled "22," depicted below



23. White KOCASO Tablet Model: M870 labeled "23," depicted below



25

24. Black Alcatel Joy Tab, IMEI: 015774000219488, labeled "24," depicted below



25. Black amazon Tablet labeled "25," depicted below



26. Black Lenovo Think Pad Laptop labeled "26"

  

26

## ATTACHMENT B

### Items to be Seized and Searched

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use, or which is or has been used as the means of committing a criminal offense, namely a violations of Title 18, United States Code, Sections 2251(a), (sexual exploitation of a child), 2252A(a)(2)(A) (receipt or distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography).

1. For any device as described in Attachment A, whose seizure is otherwise authorized by this warrant:

   a. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, email, email contacts, "chat" instant messaging logs, photographs, and correspondence;

   b. Evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. Evidence of the lack of such malicious software;

   d. Evidence indicating how and when the devices were accessed or used to determine the chronological context of the access, use, and events relating to the crime(s) under investigation and to the device user;

   e. Evidence indicating the smartphone user's knowledge and/or intent as it relates to

27

the crime(s) under investigation;

f.  Evidence of programs (and associated data) that are designed to eliminate data from the devices;

g.  Evidence of the times the devices were used;

h.  Passwords, encryption keys, and other access devices that may be necessary to access the devices.

i.  Records of or information about Internet Protocol addresses used by the devices.

j.  Records of information about the Devices' internet activity, including firewall logs, caches, browser history, cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses; and

k.  Contextual information necessary to understand the evidence described in this attachment.

2.  Records, information, and items relating to violations of the statutes described above including:

a.  Records concerning the use of the internet to obtain any visual depictions of children engaged in sexually explicit conduct and evidence of how the internet was used to find and obtain any such depictions and by whom, including records showing the use or ownership of online accounts used to access any websites on which visual depictions of child pornography can be obtained and other evidence of user attribution;

b.  Any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and any visual depictions that might

not meet the definition in the foregoing section but that may be considered child erotica;

c.  Records concerning how any depictions in paragraph (b) came to be on any device and who saved or otherwise placed the material on that device and from what source and how they were obtained, including attribution evidence on any device used to obtain the material and/or possess it;

d.  Records related to the production and/or creation of image and video files depicting child sexual abuse material on the particular device;

e.  Records evidencing intent, knowledge, conspiracy, or plan to produce, receive, distribute, and/or possess visual depictions of minors engaged in sexually explicit conduct;

f.  Records evidencing a sexual interest in children or child sexual abuse material;

g.  Records, information, and items relating to the ownership or use of the Devices; and

h.  Records and information relating to the identity or location of the persons suspected of violating the statutes described above.

3.  As used above, the terms "records" and "information" includes all forms of creation or electronic storage.